## GREENBANK v. FERGUSON et al.

### (Circuit Court, N. D. Illinois. August 24, 1893.)

QUIETING TITLE—DEED AS MORTGAGE—FRAUDULENT CONVEYANCE.

The grantee in a deed absolute in form brought suit to set aside, as a cloud on his title, a subsequent deed from his grantor. He claimed that his deed was given in payment of a note, but it appeared that he did not surrender the note, that he regarded his grantor as still indebted to him, and that he permitted his grantor to continue to pay the taxes and collect the rent. The grantor testified that the deed was given to keep the land from his creditors. *Held*, that the grantee had no right to the relief prayed, since his deed was either an equitable mortgage or a fraudulent conveyance, which a court of equity would not aid.

In Equity. On exceptions to master's report. Suit by John Greenbank against John S. Ferguson, Rachel Ferguson, D. B. Ransom, William Kelsey Reed, Henry C. Reed, James W. Converse, and the Illinois Land & Loan Company to set aside certain deeds as clouds on complainant's title. Bill of revivor against representative of Rachel Ferguson. There was a reference to a master, who reported in favor of the complainant. Defendants except. Bill dismissed.

The master's report was as follows:

1. I, Henry W. Bishop, master in chancery, to whom, by an order of the court entered on the 12th day of December, A. D. 1892, in the above-entitled cause, the same was referred for the purposes in said order expressed, hereby report that I have been attended at various times by Mr. Levi Sprague, solicitor for the complainant, and Messrs. Peckham & Brown and Mr. Pease, solicitors for the defendants, and by the witnesses whose testimony is herewith reported. The exhibits which are referred to in connection with the testimony have been examined by me, and also the evidence of witnesses taken elsewhere by stipulation of the parties hereto. I have also heard the arguments of counsel at length, and carefully examined the testimony and depositions and exhibits referred to in connection with the pleadings in the case. Upon consideration of all which, I find and report, as a matter of fact, that the material allegations of the bill and bill of revivor herein are sustained by the proofs.

2. That the deed of John Ferguson, dated November 10, A. D. 1874, and set out in said bill, conveying to said complainant the premises in question, was executed, acknowledged, and delivered to said complainant in the manner and for the purposes in said bill and bill of revivor set forth, and was accepted in full payment of a certain promissory note of the said defendant John Ferguson, which note was dated April 10, 1874, and was for the payment to said complainant of the sum of ten hundred and thirty-five

dollars. I find, also, that said deed was given and accepted as an absolute conveyance of said premises; that subsequently, and on the 25th day of January, A. D. 1882, said defendant John S. Ferguson and his then wife, Rachel Ferguson, at the request of said Rachel, executed and delivered to one D. B. Ransom a conveyance of the same premises without consideration, and without an actual delivery thereof to said grantee, which deed was recorded on the 28th day of March, A. D. 1887, and before the date of the record of said deed to complainant; that afterwards, and upon the same day last mentioned, the said Ransom conveyed said premises to said Rachel Ferguson, which last conveyance was also prior to the date of the record of said complainant's deed, and was without consideration.

3. That afterwards, to wit, on the 24th day of December, A. D. 1891, the said Rachel Ferguson died, leaving a last will and testament whereby she bequeathed to her husband, the said John S. Ferguson, defendant, the premises in question; that on the 19th day of August, 1874, William Kelsey Reed and Sarah C. Reed, his wife, executed and delivered their certain quitclaim deed of that date, conveying the said premises to the Illinois Loan & Land Company, which deed was on the 2d day of September, A. D. 1874, recorded in the office of the recorder of deeds in and for the county of Cook aforesaid, which said deed, I find, is shown, as a matter of fact, to have been made without right or title; that afterwards, to wit, on the 28th of June, A. D 1875, said Illinois Loan & Land Company executed and delivered its deed of conveyance of said premises to Henry C. Reed, which deed was afterwards, to wit, on the 2d day of August, A. D. 1875. recorded in the office of the recorder of deeds in said county of Cook, which deed, I find, also, was made without right; that afterwards, to wit, on the 12th day of November, A. D. 1881, said Reed and his wife executed and delivered a quitclaim deed conveying said premises to James W. Converse, which deed was on the 11th day of August, A. D. 1882, recorded in the office of the recorder of deeds in and for said Cook county; that said last-mentioned deed was made without right.

I recommend, therefore, that an order be entered herein in conformity with these findings.

Levi Sprague, for complainant.

Peckham & Brown, and Mr. Pease, for defendants.

WOODS, Circuit Judge. I am not able to agree with the master's view of this case. I am convinced that the conveyance of November 10, 1874, instead of having been executed in discharge of the debt evidenced by the promissory note of April 10, 1874, was intended as a security additional to that theretofore given for the payment of that note, and perhaps for any other liability of Ferguson to Greenbank which might be incurred; and, this being so, the deed, though absolute in form, was, in equity, only a mortgage, and affords no support for this action. Or, if this is not so, then the deed was made. in fraud of creditors, upon a secret trust for Ferguson, or for his wife and children. The complainant, after receiving the deed, though 'in straitened circumstances, did not act as if he considered the land his. He retained possession of the note, which, if paid, should have been surrendered. He permitted Ferguson to pay the taxes upon the land, and to receive the rents from it. His testimony is by no means positive to the contrary; and his letters, especially that of April 2, 1891, show that he regarded Ferguson as still indebted to h.m; and that if the debt were paid the land ought to be reconveyed. The testimony of Ransom shows that Mrs. Ferguson understood that Greenbank had advanced money, and held the deed as a security. If guided by Ferguson's testimony alone, the court

would be compelled to find that the deed was made with the intent to put the property beyond the reach of Ferguson's creditors, and that Greenbank, having received and held the deed in furtherance of that design, has no standing in equity.

It follows that the conclusions of the master should be set aside, and the bill dismissed, at the complainant's costs, but without prejudice to his rights as mortgagee. So ordered.